Amber Henning
Antonia P. Marra
MARRA, EVENSON & LEVINE, P.C.
2 Railroad Square, Suite C
P.O. Box 1525
Great Falls, Montana 59403-1525
Telephone (406) 268-1000
Facsimile (406) 761-2610
Direct e-mail: ahenning@marralawfirm.com
               amarra@marralawfirm.com

Attorneys for Plaintiff


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| CORY SHANNON MARQUIS<br><br>Plaintiff,<br><br>vs.<br><br>JOHN UECKER, in his official capacity as a Resident Agent for the U.S. Department of Agriculture, Agricultural Marketing Service, Fair Trade Practices Program, Packers and Stockyards Division; AGRICULTURAL MARKETING SERVICE, FAIR TRADE PRACTICES PROGRAM, PACKERS AND STOCKYARDS DIVISION, an agency within the U.S. Department of Agriculture; and U.S. DEPARTMENT OF AGRICULTURE, a federal agency.<br><br>Defendants. | Cause No. **CV-23-15-BLG-SPW**<br><br><br>**COMPLAINT FOR DECLARATORY RELIEF AND PRELIMINARY INJUNCTIVE AND PERMANENT INJUNCTIVE RELIEF** |

## INTRODUCTION

1.   Plaintiff Cory Shannon Marquis ("Marquis"), by and through his

attorneys of record, brings this civil action for declaratory and

injunctive relief against John Uecker; the Agricultural Marketing

Service ("AMS"), Fair Trade Practices Program ("FTPP"), Packers

and Stockyards Division ("PSD"); and the U.S. Department of

Agriculture ("USDA") (collectively, "Defendants") for their violation

of 15 U.S.C. § 46(f) and (k).

2.   This violation occurred when John Uecker, acting in his capacity as a

Resident Agent for the USDA, AMS, FTPP, PSD, disclosed

confidential commercial and financial information without prior

federal certification, to Montana county agencies, specifically the

County Attorney in Yellowstone County, Montana and the County

Attorney in Judith Basin County, Montana.

3.   The Defendants also failed to use the proper statutory channels in

disclosing evidence of what Defendant John Uecker allegedly viewed

as potential criminal activity.

4.   The Defendants' violation of 15 U.S.C. § 46(f) and (k), resulted in the

Yellowstone County Attorney's office filing state felony criminal charges against Marquis. *See, State v. Marquis, DC-2022-337.*

5. The Defendants' violation of 15 U.S.C. § 46(f) and (k), also resulted in the Judith Basin County Attorney's office filing additional state felony charges against Marquis. *See, State v. Marquis, DC-2022-10.*

6. John Uecker continues to engage with the Yellowstone County Attorney and the Judith Basin County Attorney as an informant and witness and continues to violate 15 U.S.C. § 46(f) and (k).

7. Without this Court's intervention, Marquis is facing irreparable harm personally, financially, and in his business, by having had his personal, confidential, and financial information publically shared, and by facing multiple felony charges and defending these charges through jury trials, dates of which are currently pending.

8. Because of the Defendants' violation of federal law, Marquis is forced to bring this action to attempt to protect his and his family's future and business.

**JURISDICTION AND VENUE**

9. This Court has federal-question jurisdiction over this action, 28 U.S.C. § 1331, arising under the Packers and Stockyards Act of 1921,

as amended and supplemented ("PSA"), 7 U.S.C. §§ 222, 224; and 15

U.S.C. § 46(f) and (k).

10.   The requested declaratory and injunctive relief is authorized by 28

U.S.C. § 2201; 5 U.S.C. § 701-06; and Federal Rule of Civil

Procedure 65.

11.   Plaintiff provided Notice to Defendants of this Complaint pursuant to

Federal Rule of Civil Procedure 65(a)(1) via Certified Mail.  The

USDA, Western Region received said Notice on January 26, 2023.

Exhibit 1.  An Agent of the USDA verbally confirmed with

undersigned counsel that it received the Notice and did not plan on

responding to it.

12.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2)

because a substantial part of the events giving rise to this action

occurred in Montana and the resultant harm has occurred in Montana.


13.   Divisional venue is proper in the Billings Division of this Court

because the first of Marquis' state criminal charges was filed within

the Billings Division, and a jury trial is presently set within

Yellowstone County.

## PARTIES

14. Plaintiff Marquis is a resident of Montana. He is the co-owner of Marquis Cattle Company, which buys and sells cattle throughout Montana and the United States.

15. Defendant John Uecker is a Resident Agent for USDA, AMS, FTPP, PSD. Resident Agent Uecker is responsible for carrying out the enforcement of the jurisdictional, competition, financial, and trade practice provisions of the PSA.

16. Defendant AMS, FTPP, PSD is a federal agency within the USDA that is responsible for monitoring industry activities, investigations, and regulatory compliance under the PSA.

17. Defendant USDA is a federal department responsible for implementing and complying with federal laws governing food and agriculture, including the PSA.

## LEGAL BACKGROUND
## THE PACKERS AND STOCKYARD ACT OF 1921

18. The purpose of the PSA, 7 U.S.C. § 181 et seq., "is to assure fair trade practices in the livestock marketing and meat-packing industry in order to safeguard farmers and ranchers against receiving less than

the true market value of their livestock and to protect consumers against unfair business practices in the marketing of meats." *Bruhn's Freezer Meats of Chicago, Inc. v. U.S. Dept. of Agriculture*, 438 F.2d 1332, 1337 (8th Cir. 1971)(quotations and citations omitted).

19.   Under the PSA, the Secretary of the USDA ("Secretary") may enforce the provisions of the PSA either through an administrative process or by "suit in any district court of the United States of competent jurisdiction." 7 U.S.C. § 209.

20.   The Secretary and their agents receive enforcement powers pursuant to 7 U.S.C. § 222. This statute incorporates the enforcement powers of 15 U.S.C. §§ 46, 48, 50 (Federal Trade Commission Act).

21.   Title 15 U.S.C. § 46 lists additional enforcement powers of the Federal Trade Commission. The provisions at issue in this matter are as follows:

**(a) Investigation of persons, partnerships, or corporations**
To gather and compile information concerning, and to investigate from time to time the organization, business, conduct, practices, and management of any person, partnership, or corporation engaged in or whose business affects commerce, excepting banks, savings and loan institutions described in section 57a(f)(3) of this title, Federal credit unions described in section 57a(f)(4) of this title, and common carriers subject to the Act to regulate commerce, and its relation to other persons, partnerships, and corporations.

. . .

**(f) Publication of Information; reports**

To make public from time to time such portions of the information obtained by it hereunder as are in the public interest; and to make annual and special reports to the Congress and to submit therewith recommendations for additional legislation; and to provide for the publication of its reports and decisions in such form and manner as may be best adapted for public information and use: **Provided, That the Commission shall not have any authority to make public any trade secret or any commercial or financial information which is obtained from any person and which is privileged or confidential, except that the Commission may disclose such information (1) to officers and employees of appropriate Federal law enforcement agencies or to any officer or employee of any State law enforcement agency upon the prior certification of an officer of any such Federal or State law enforcement agency that such information will be maintained in confidence and will be used only for official law enforcement purposes,** and (2) to any officer or employee of any foreign law enforcement agency under the same circumstances that making material available to foreign law enforcement agencies is permitted under section 57b-2(b) of this title. (Emphasis added).

. . .

**(k) Referral of evidence for criminal proceedings**

**(1) In general**

Whenever the Commission obtains evidence that any person, partnership, or corporation, either domestic or foreign, has engaged in conduct that may constitute a violation of Federal criminal law, to transmit such evidence to the Attorney General, who may institute criminal proceedings under appropriate statutes. Nothing in this paragraph affects any other authority of the Commission to disclose information.

22.   The PSA also allows the Secretary to "report any violation of this chapter to the Attorney General of the United States, who shall cause appropriate proceedings to be commenced and prosecuted in the proper courts of the United States without delay." 7 U.S.C. § 224.

23.   Under the PSA, a Resident Agent is classified as a series 1146 Agricultural Marketing Specialist and is regulatory in nature. A Resident Agent conducts regulatory activities and investigates whether person subject to the PSA are in compliance with the Act. *Affidavit of John Barthel*, ¶ 10, attached as Exhibit 2.

24.   A Resident Agent is not a law enforcement officer. *Id.*, ¶ 12.

## FACTS

25.   On or about April 16, 2021, Resident Agent John Uecker authored a "Supplemental Investigative Report" ("the Report") alleging that Marquis and his business, Marquis Cattle Company, had engaged in violations of the PSA (failure to pay) as well as forgery, wire and bank fraud, and inadequate records. No administrative actions were taken against Marquis Cattle Company. Exhibit 3 (unredacted version will be filed pending outcome of Plaintiff's Motion for Leave to File Report Under Seal).

26.     Resident Agent John Uecker did not notarize or otherwise sign the

        Report. *Id.*

27.     The Report contains unredacted confidential information and trade

        secrets of Marquis and Marquis Cattle Company including, but not

        limited to, corporation information, bank account numbers of Marquis

        Cattle Company and bank account numbers of its customers, bank

        deposit slips, receipts, pictures and/or copies of checks and bank

        wires, invoices, customer names, and text messages. *Id.*

28.     Resident Agent John Uecker disclosed the Report to the Yellowstone

        County Attorney and the Judith Basin County Attorney, but omitted

        critical facts which are exculpatory to Marquis Cattle Company.

29.     In addition Resident Agent John Uecker disclosed a prior confidential

        non-published civil settlement agreement of a civil contract dispute

        between Marquis Cattle Company and a third party to the

        Yellowstone County Attorney's Office, to which sanctions apply.  It

        is unknown how Resident Agent John Uecker received this

        information as Marquis Cattle Company did not disclose the

        information and did not agree to do so.

30.     The Yellowstone County Attorney's Office did not submit the Report

to local law enforcement for further investigation. Instead, it used the information in the Report to file a felony forgery charge against Marquis, alleging he violated Montana Code Annotated § 45-6-325. See, Exhibit 4.

31. Likewise, the Judith Basin County Attorney's Office did not submit the Report to local law enforcement for further investigation. Instead, it used the information in the Report to file two charges of felony deceptive practices (Montana Code Annotated §§ 45-6-317(1)(a) and (b)) and one charge of felony theft (Montana Code Annotated § 45-6-301(1)(a)). See, Exhibit 5 (bank account numbers have been redacted for this filing).

32. The Judith Basin County charging documents, a public record, provide detailed information of Marquis' business and client lists. The County Attorney attached unredacted documentation found within the Report including Marquis Cattle Company's bank account numbers, thereby publishing all confidential information. *Id.*

33. Even after disseminating the Report, Resident Agent John Uecker continues to play a large role in these criminal cases. Resident Agent John Uecker has been providing additional documentation to the

County Attorney offices and recently appeared at counsel's table during an oral argument. See, Exhibit 6.

34. As a result of the Judith Basin County Attorney's filing, Marquis was arrested by the Judith Basin County Sheriff pursuant to an arrest warrant on a Friday afternoon and had the expense of having to post bail.

35. These actions have caused Marquis and his business irreparable harm in the form of the authorized disclosure of customer names and financial information, public disclosure of the business bank account information, loss of revenue and customers, as well as physical and emotional harm. *Declaration of Beckie Marquis*, Exhibit 7.

**FIRST CAUSE OF ACTION**
**(Violation of the PSA and 15 U.S.C. § 46(f))**

36. Marquis incorporates by reference all preceding paragraphs.

37. Resident Agent John Uecker derives his enforcement power under the PSA in part from 15 U.S.C. § 46.

38. Title 15 U.S.C. § 46(f) provides that a Resident Agent "shall not have any authority to make public any trade secret or any commercial or financial information . . ."

39. Resident Agent John Uecker may disclose information to State law enforcement agencies "upon prior certification of an officer of any such . . . State law enforcement agency that such information will be maintained in confidence and will be used only for official law enforcement purposes. . . ." 15 U.S.C. § 46(f).

40. Resident Agent John Uecker disclosed the Report to the Yellowstone County Attorney and the Judith Basin County Attorney including information concerning a civil suit not relevant to the Report, and for which he could be sanctioned in civil court.

41. This disclosure led to the public disclosure of Marquis' confidential commercial, trade secrets, and financial information. *See*, Exhibits 3 and 4.

42. Montana County Attorneys are considered a "public prosecutor" and not a law enforcement agency, Mont. Code Ann. § 7-4-2712, and no disclosure is allowed to these offices pursuant to 15 U.S.C. § 46.

43. To Marquis' knowledge, no prior certification, as required by 15 U.S.C. § 46(f), was given by either the Yellowstone County Attorney's Office or the Judith Basin County Attorney's Office.

44. The Report was not given to Montana state law enforcement

agencies.

45.    The Defendants' failure to follow 15 U.S.C. § 46(f) is a violation of

the PSA and has caused Marquis present and ongoing irreparable

harm.

## SECOND CAUSE OF ACTION
### (Violation of the PSA and 15 U.S.C. § 46(k))

46.    If Resident Agent John Uecker obtains evidence of criminal

activities, 15 U.S.C. § 46(k) requires him to "transmit such evidence

to the Attorney General. . ."

47.    The Defendants violated this statute by submitting the evidence to

State County Attorneys and not the U.S. Attorney General causing

Marquis present and ongoing irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Marquis respectfully requests that this Court:

A.    Preliminarily enjoin the Defendants from providing any additional

information to the County Attorneys of Yellowstone County and

Judith Basin County;

C.    Preliminarily enjoin John Uecker from testifying in the state criminal

matters;

B.   Declare that Defendants' actions violate the PSA and 15 U.S.C. §

46(f) and (k) and that all proscribed information provided to the State

prosecutors be clawed back from these offices;

C.   Permanently enjoin the Defendants from providing any additional

information to the County Attorneys of Yellowstone County and

Judith Basin County;

D.   Permanently enjoin Defendant John Uecker from testifying in the

state criminal matters;

E.   Award Marquis his fees, costs, and other expenses as provided by

applicable law;

F.   Issue such relief as Marquis subsequently requests or that this Court

may deem just, proper, and equitable.


Respectfully submitted this 13th day of February, 2023.

MARRA, EVENSON & LEVINE, P.C.
2 Railroad Square, Suite C
Great Falls, MT 59403


/s/ Amber Henning
Amber Henning
Antonia Marra
